# Florida Attorney General
# Advisory Legal Opinion

**Number: INFORMAL**
**Date: November 14, 2007**
**Subject: Sunshine Law, consent agenda**

The Honorable Howard W. Kessler
County Commissioner, District 4
Post Office Box 1263
Crawfordville, Florida 32326

Dear Commissioner Kessler:

You have written to the Attorney General to ask about the validity of a provision in the "Rules of Procedure for Meetings of the Wakulla County Board of County Commissioners." Attorney General McCollum has asked me to respond to your letter.

Initially, I must advise you that the Florida Attorney General's Office has no authority to interpret or comment on local legislation or administrative procedures of a county or municipality. Our authority is based on section 16.01(3), Florida Statutes, which gives this office the power to provide legal advice and opinions on questions of state law. Thus, no formal comment is made regarding these rules of procedure. I offer the following informal comments in an effort to provide you with some assistance, but must ultimately refer you to the attorney who is responsible for advising the Wakulla County Commission. It is the Wakulla County Attorney who can review this matter and provide you with his or her legal opinion and suggestions for future conduct.

Florida's Government in the Sunshine Law, section 286.011, Florida Statutes, requires that all meetings of a public board or commission must be open to the public. Florida courts have held that it is the entire decision-making process which is covered, not merely those meetings where the final vote is taken.[1] As the court in *Times Publishing Company v. Williams* stated:

"Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an 'official act,' an indispensable requisite to 'formal action,' within the meaning of the act."[2]

The provision about which you inquire, section V. H., acknowledges that the commission has a consent agenda for routine matters that "are typically non-controversial and do not deviate from past Board direction or policy." These items are presented on the portion of the agenda

designated for consent items and may be voted on with one motion. However, if a commissioner desires to withdraw an item from the consent agenda for individual voting, he or she must make a written request to the chairman of the commission at least twenty-four hours before the meeting. Thus, the provision requires that a written record be presented to the chair of the commission indicating that an individual member of the commission wishes to take up an agenda item more thoroughly at a public meeting.

This provision does not call for any discussion between members of the commission; rather, it provides a written record of an administrative request that a matter be discussed more thoroughly at a regularly scheduled public meeting. I see no violation of the Government in the Sunshine Law in requiring a written request be made of the chair of the county commission to remove items of discussion from the consent agenda. However, the members of the county commission must be mindful of the law and careful not to discuss substantive issues which may come before the council in their consideration of whether to withdraw a subject from the consent agenda.

I am enclosing a copy of an Informal Attorney General's Opinion issued to Ms. Helen Spencer, the City Clerk for the City of Fort Walton Beach. The opinion discusses whether it is a violation of the Government in the Sunshine Law for several members of the city council to request a special meeting. I believe that the analysis and conclusions in that letter are equally applicable to your situation.

I trust that these informal comments and the copy I am enclosing will be helpful to you. Any questions you may have regarding Florida's Code of Ethics for Public Officers and Employees, Part III, Chapter 112, Florida Statutes, should be addressed to the Ethics Commission for their consideration and advice. Contact information for the Commission is as follows: Philip Claypool, Executive Director and General Counsel, Florida Commission on Ethics, Post Office Drawer 15709, Tallahassee, Florida 32317-5709, phone: 850-488-7864, fax: 850-488-3077.

Sincerely,

Gerry Hammond
Assistant Attorney General

GH/t

Enclosure

---

[1] *See, e.g., City of Miami Beach v. Berns,* 245 So. 2d 38 (Fla. 1971); *Board of Public Instruction of Broward County v. Doran*, 224 So. 2d 693 (Fla. 1969), *Hough v. Stembridge,* 278 So. 2d 288 (Fla. 3d DCA 1973).

[2] 222 So. 2d 470, 473 (Fla. 2d DCA 1969).