# Florida Attorney General
# Advisory Legal Opinion

**Number: INFORMAL**
**Date: April 23, 2003**
**Subject: Sunshine Law, calling of meetings**

Ms. Helen Spencer
Fort Walton Beach City Clerk
Post Office Box 4009
Fort Walton Beach, Florida 32549

RE: GOVERNMENT IN THE SUNSHINE LAW—MEETINGS—MUNICIPALITIES–charter requirements for calling public meeting. s. 286.011, Fla. Stat.

Dear Ms. Spencer:

You have written to ask about the validity of a charter provision of the City of Fort Walton Beach in light of the Government in the Sunshine Law, section 286.011, Florida Statutes.

Initially, I must advise you that this office cannot interpret or otherwise comment upon the charter provisions of a municipality.[1] This office provides legal advice and opinions on questions of state law.[2] Questions relating to local legislation will be referred to the attorney for the local government agency for his or her consideration and advice. However, in an effort to be of some assistance to you, I offer the following informal comments.

Section 286.011, Florida Statutes, the Government in the Sunshine Law, requires all meetings of a public board or commission to be open to the public. Subsection (2) of that statute provides that "[t]he minutes of a meeting of any such board or commission of any such state agency or authority shall be promptly recorded, and such records shall be open to public inspection."

In considering the application of section 286.011, Florida Statutes, the courts have held that it is the entire decision-making process which is covered, not merely those meetings where the final vote is taken.[3] As the court in *Times Publishing Company v. Williams* stated:

"Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to "formal action," within the meaning of the act."[4]

I would note that section 5 of the Charter of the City of Fort Walton

Beach provides that a special meeting of the city council "shall be called by the clerk upon written request of the mayor, city manager or three members of the council." Notice of meetings is required to be provided by this provision and "[a]ll meetings of the council and of the committees thereof shall be open to the public [.]" The charter provision makes city council meetings open to the public and requires that notice of such meetings be given to the public. Thus, it would appear that the charter provision satisfies the requirements of the Government in the Sunshine Law.

The Sunshine Law does not address who may call meetings, rather this is left to the discretion of local governments. The Charter of the City of Fort Walton Beach provides that regular meetings shall be held at specified times and that special meetings may be called as described therein. I see no violation of the Government in the Sunshine Law in the calling of a special meeting of the council by three members of that body. The members must, however, be mindful not to discuss substantive issues which may come before the council in their consideration of whether a special meeting is necessary.

I trust that these informal comments may be helpful to you. Additional questions about the Charter for the City of Fort Walton Beach and its application should be addressed to the city attorney for his or her consideration and advice.

Sincerely,

Gerry Hammond
Assistant Attorney General

GH/tgk

---

[1] *See* Department of Legal Affairs Statement Regarding Opinions (copy enclosed).

[2] Section 16.01(3), Florida Statutes.

[3] *See, e.g., City of Miami Beach v. Berns,* 245 So. 2d 38 (Fla. 1971); *Board of Public Instruction of Broward County v. Doran,* 224 So. 2d 693 (Fla. 1969), *Hough v. Stembridge,* 278 So. 2d 288 (Fla. 3d DCA 1973).

[4] 222 So. 2d 470, 473 (Fla. 2d DCA 1969).